# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

MYRNA DUKES, etc., :

    Plaintiff, :

vs. : CA 18-0114-CG-MU

ALFRED PERNELL, JR., et al., :

    Defendants.

## REPORT AND RECOMMENDATION

This action is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on the notice of removal (Doc. 1), Plaintiff's motion to remand (*see* Doc. 10) and Defendant Lifestar Response of Alabama, Inc. d/b/a Care Ambulance's ("Lifestar") response in opposition. (Doc. 12).[1] Upon consideration of all relevant pleadings in this case, the undersigned recommends that the Court **GRANT** Plaintiff's motion to remand (Doc. 10).

## PROCEDURAL BACKGROUND

Plaintiff Myrna Dukes, as Administratrix of the Estate of Antoine D. Stallworth, filed a complaint against Lifestar, Alfred Pernell, Jr., and unidentified fictitious parties in the Circuit Court of Dallas County, Alabama on December 29, 2017. In the complaint, Plaintiff Dukes asserts that Stallworth got caught in crossfire between Pernell and other (the "fictitious") individuals on December 31, 2015 and suffered six (6) gunshot wounds.

---

[1] Plaintiff was extended the opportunity to file a reply by not later than May 7, 2018 (*see* Doc. 11) but filed no reply (*see* Docket Sheet).

Plaintiff further alleges that Lifestar ambulance personnel failed to provide emergency medical care and transportation to the injured Stallworth for a period of roughly 45 minutes after arriving on the scene.[2] (*See* Doc. 1, Exhibit 1, COMPLAINT.) On its face, the Complaint sets forth two causes of action against defendants, with each claim set forth in a separate section and unambiguously labeled (*see id.,* at 2-3 & 3-5) as follows: (1) "COUNT I—WRONGFUL DEATH[;]"[3] and (2) "COUNT II—NEGLIGENCE AND/OR WANTONNESS FOR WRONGFUL DEATH[.]"[4] (*Id.* at 2 & 3). Each of these claims present as arising under Alabama law rather than federal law, as Dukes makes no specific reference in these Counts to the Constitution of the United States, any federal statute, law, or constitutional right, or indicates that the claims are otherwise grounded, in whole or in part, on federal constitutional or statutory theory. (*Id.* at 2-5).

Lifestar removed the Dallas County Circuit Court action to this Court on March 12, 2018 (Doc. 1) pursuant to 28 U.S.C. §§ 1441 and 1446. In the removal, Lifestar asserts that this Court has original jurisdiction in accordance with 28 U.S.C. §§ 1331[5] and 1343[6] because "Plaintiff sets forth claims under 42 U.S.C. § 1983 and the

---

[2] Stallworth ultimately succumbed to his injuries on January 6, 2016. (*Id.* at ¶ 10.)

[3] This claim is asserted solely against Pernell and the unidentified fictitious parties. (*See id.* at 2-3.)

[4] This claim is asserted solely against Lifestar. (*See id.* at 3-5.)

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[6] Lifestar does not identify in its Notice of Removal the specific portion of § 1343 it is relying upon (*see* Doc. 1) but presumably it is § 1343(a)(3) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction (Continued)

Fourteenth Amendment of the United States Constitution." (Doc. 1, at 2). Lifestar cites to no specific language from Dukes' Complaint to support this assertion (*see* Doc. 1) but does offer, in its response in opposition to Plaintiff's motion to remand, that the following Complaint language was sufficient to trigger federal jurisdiction: "The Complaint in this case states that it 'invokes the jurisdiction of this Court under and by virtue of . . . the fourteenth Amendment of the Constitution of the United States, and 42 USC § 1983.' The Complaint goes on to state that 'Defendants violated Plaintiff's right as guaranteed by the Constitution of the United States . . . .'" (Doc. 12, at 1-2.) This language, cited by Lifestar in its response in opposition, constitutes a portion of the text Plaintiff set forth in the introductory "STATEMENT OF JURISDICTION AND VENUE" paragraph of her Complaint which reads as follows: "The Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of Code of Alabama §6-5-410 et Seq., The Constitution of 1901 of State of Alabama, the fourteenth Amendment to the Constitution of the United States, and 42 USC § 1983. Defendants violated Plaintiff's right as guaranteed by the Constitution of the United States, and by the laws and constitution of the State of Alabama." (Doc. 1, Exhibit 1, COMPLAINT, at 1.)

---

of the United States[.]") given the removing party's reference to 42 U.S.C. § 1983 (*see* Doc. 1, ¶ 2). *Compare Hall v. McGhee,* 2017 WL 413258, *9 n.13 (N.D. Ga. Jan. 31, 2017) ("The Supreme Court has long recognized that Section 1343(a)(3) 'is the jurisdictional counterpart of' Section 1983." (citation omitted)) *with Ortega v. Schramm,* 922 F.2d 684, 688 (11th Cir. 1991) (recognizing that 28 U.S.C. § 1343(a)(3) "authorizes federal courts to entertain section 1983 claims").

## CONCLUSIONS OF LAW AND ANALYSIS

### A. Jurisdiction in General.

The removing defendant "must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction." *Whitney Nat'l Bank v. Lakewood Investors,* 2011 WL 3267160, *2 (S.D. Ala. Jul. 28, 2011), citing *Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1294 (11th Cir. 2008) and *Friedman v. New York Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted). "Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in

4

favor of remand to state court." *Brown v. Endo Pharmaceuticals, Inc.,* 38 F.Supp.3d 1312, 1318 (S.D. Ala. 2014) (citation omitted); *see also University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *Federal Deposit Ins. Corp. ex rel. Colonial Bank v. Banc of America Funding Corp.,* 2013 WL 3968017, *1 (M.D. Ala. Aug. 1, 2013) ("[I]n actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant.").

      **B.**    **<u>Federal Question Jurisdiction</u>**.[7]  "The presence or absence of federal-question jurisdiction[8] is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2325, 2429, 96 L.Ed.2d 318 (1987) (citation omitted; footnote added); *see also Community State Bank v. Strong,* 651 F.3d 1241, 1251 (11th Cir. 2011) ("The

---

[7] Because Defendant does not argue or establish that the Court's analysis of whether it can properly exercise jurisdiction in this case is different under § 1331 and § 1343(a)(3), and there appears to be no qualitative difference in these two provisions, *cf. Burns v. Brazzolotto,* 2018 WL 1857166, *3 (N.D. Ala. Apr. 18, 2018) (indicating that where a claim appears to be brought under 42 U.S.C. § 1983, jurisdiction would be appropriate under § 1331), the undersigned simply considers whether Lifestar has demonstrated the existence of federal question jurisdiction, as it claims (*see* Doc. 12, at 5 ("Defendant Lifestar has demonstrated the existence of federal question jurisdiction and established the propriety of removal under 28 U.S.C. § 1441.")).

[8] "Federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Caterpillar, Inc., infra,* 482 U.S. at 392 n.6, 107 S.Ct. at 2429 n.6, quoting 28 U.S.C. § 1331.

test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." (citation omitted)),[9] *cert. denied,* 568 U.S. 813, 133 S.Ct. 101, 184 L.Ed.2d 22 (2012). "'As a general rule, a case arises under federal law only if it is federal law that creates the cause of action.'" *Smith v. Pickens,* 2017 WL 4876785, *2 (S.D. Ala. Oct. 27, 2017), quoting *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1343 (11th Cir. 2009); *see also Strong, supra,* 651 F.3d at 1251 (same); *see Smith v. GTE Corp.,* 236 F.3d 1292, 1310 (11th Cir. 2001) ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). These "principles apply with equal force in the removal context[,]" *Smith v. Perkins,* at *2*, citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 765 n.20 (11th Cir. 2010) ("a defendant may remove on the basis of federal question jurisdiction only where that question appears on the face of the plaintiff's complaint"), given that in the absence of diversity jurisdiction, "a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003).

Dukes' Complaint asserts two claims against the Defendants: Count I is a wrongful death claim against Alfred Pernell and the unidentified fictitious parties and Count II is a negligence and/or wantonness claim for wrongful death against Lifestar, the removing Defendant. (Doc. 1, Exhibit 1, COMPLAINT, at 2-5.) These two claims are

---

[9] "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.,* 482 U.S. at 392, 107 S.Ct. at 2429.

plainly state law claims under Alabama law, *compare, e.g., Alabama Powersport Auction, LLC v. Wiese,* 143 So.3d 713, 718 (Ala. 2013) (recognizing the well-worn principle that in Alabama there is but one cause of action for wrongful death under Alabama Code § 6-5-410) *with Lemley v. Wilson,* 178 So.3d 834, 840-41 (Ala. 2015) (in wrongful death action, personal representative of the decedent alleged that defendant was guilty of negligence and/or wantonness that proximately resulted in the death of the decedent); *Gooden v. City of Talladega,* 966 So.2d 232, 234 (Ala. 2007) (in wrongful death action, plaintiff alleged the defendants, through negligence, wantonness, etc., caused the death of the decedent); and *Lance, Inc. v. Ramanauskas,* 731 So.2d 1204, 1206 (Ala. 1999) (case proceeded to trial against Lance, Inc. on the claim that Lance negligently and/or wantonly caused the child's death), which Lifestar does not dispute (*see, e.g.,* Doc. 12, at ¶ 5 (arguing that this Court should exercise supplemental jurisdiction over Plaintiff's state-law claims for negligence/wantonness and wrongful death)). However, as in *Smith v. Perkins, supra,* there is nothing in the text of either of these counts which "would support a reasonable inference that [Plaintiff] is bringing them as federal statutory or constitutional claims[,]" nor does Dukes' "right to relief under those claims necessarily depend on resolution of a substantial question of federal law." *Id.* at *3. And, here, as was the case in *Smith v. Perkins*, Defendant Lifestar does not argue otherwise. (*See, e.g.,* Doc. 12, at 3 n.1 (Lifestar's denial that it is arguing that Plaintiff's state-law claims turn on some construction of federal law)). Accordingly, before addressing Lifestar's penultimate argument, the undersigned notes that "under well-settled Eleventh Circuit precedents, [Plaintiff's] well-pleaded complaint does not

present a federal question[,]" *Smith v. Perkins, supra,* at *3, citing *Smith, supra,* 236 F.3d at 1310. Therefore, no § 1331 (or § 1343(a)(3)) jurisdiction exists here.

In reaching this result, the undersigned, like Judge Steele in *Smith v. Perkins, supra,* "finds unpersuasive" Lifestar's reliance on the introductory "Statement of Jurisdiction and Venue" paragraph of Dukes' Complaint, even though that introductory paragraph references jurisdiction under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 and asserts that the "Defendants violated Plaintiff's right as guaranteed by the Constitution of the United States." (Doc. 1, Exhibit 1, at 1). The insurmountable "jurisdictional problem is that those bare allegations . . . are untethered to any claim or cause of action actually pleaded in the Complaint." *Smith v. Perkins, supra,* at *3. Dukes' Complaint sets forth only two numbered claims and, as in *Smith v. Perkins,* "[n]owhere in those numbered claims are there any embedded federal constitutional or statutory questions[,]" federal law does not create any of the claims (that is, wrongful death and negligence/wantonness) actually delineated, and Dukes' "right to relief in those enumerated claims does not turn on resolution of a substantial question of federal law." *Id.* at *3.

> That [Plaintiff's] pleading alleges in prefatory text that [s]he thinks defendants' conduct violated [the decedent's] federal constitutional right[] . . . is of no jurisdictional consequence where such allegation[ is] neither connected to nor reflected in the substance of Counts One through [Two]. Stated differently, when this case goes to trial, the jury will be tasked with determining whether [Defendant Pernell should be held liable for the wrongful death of Antoine Stallworth (Count I) and Defendant Lifestar should be held liable for the alleged negligence/wantonness of its ambulance technicians leading to the wrongful death of Stallworth (Count II)]. That jury will not be tasked with deciding whether defendants [in particular, Lifestar] violated [Plaintiff's decedent's] . . . [unidentified] constitutional right[] or otherwise engaged in a deprivation of [Stallworth's] rights under federal law. This is because no claim for relief including those questions or issues is presented in the well-pleaded Complaint. Musings

or accusations in what is essentially a preamble to a counsel-drafted pleading do not suffice to create federal question jurisdiction under the well-pleaded complaint rule.

*Id.*[10] Thus, the undersigned recommends that this Court remand this case to the Circuit Court of Dallas County, Alabama because a federal question has not been pled on the face of the Plaintiff's Complaint.

## CONCLUSION

Lifestar has not demonstrated the existence of federal subject matter jurisdiction because it has not shown that a federal question appears on the face of Dukes' Complaint. Accordingly, it is **RECOMMENDED** that Plaintiff's motion to remand (Doc. 10) be **GRANTED** and that this cause be remanded to the Circuit Court of Dallas County, Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

[10] To the extent Lifestar attempts to buttress its argument by pointing to Plaintiff's statement in brief to "'all of the Federal and State causes of action' [in] her Complaint and acknowledge[ment] that her Complaint 'mentions the U.S. Constitution and a cause of action under 42 USC § 1[9]83 that arises under federal law[]'" (Doc. 12, at 4, citing Doc. 10, at 4), any such purported "admissions" are not helpful to this Court, partially because of the numerous comments by Plaintiff to the contrary (*see* Doc 10, at 3 (Plaintiff's statement that her case was initially filed in state court asserting only state-law claims, that she never intended to invoke federal jurisdiction, and that her complaint for wrongful death and negligence does not state a civil action which arises under the constitution, laws or treaties of the United States)) but primarily because the contents of the Plaintiff's motion to remand, obviously, do not in any manner constitute an amendment of her Complaint. This Court necessarily returns to the question of whether Lifestar has established, based on the contents of Plaintiff's Complaint (at the time of removal) and the contents of its notice of removal, that this Court has federal question jurisdiction. *Compare, e.g., Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-14 (11th Cir. 2007) ("[I]n assessing the propriety or removal, the court considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.") *with, e.g., Bollea v. Clem,* 937 F.Supp.2d 1344, 1348 (M.D. Fla. 2013) ("Removal jurisdiction is determined 'based on the plaintiff's pleadings at the time of removal.'" (citation omitted)). And, of course, as reflected in the foregoing analysis, Lifestar has failed to demonstrate the existence of federal jurisdiction.

9

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of May, 2018.

      s/P. BRADLEY MURRAY
    **UNITED STATES MAGISTRATE JUDGE**